Good morning, your honors. Assistant State's Attorney Mary Needham on behalf of the people of the state of Illinois. You want to reserve some time for your rebuttal? Yes, please. How much? Five minutes. Okay, and I want everybody to know that Justice Hall is not here. She's out of the country, but she will listen to the tapes of this case in our decision-making process. Okay, you may proceed. And before you start, I have a couple questions and observations to make that I want you to talk about. To begin with, the judge in this particular case, the trial judge, rendered a written opinion which is not part of the record. Why is that? Frankly, Judge, it's because no one seems to have a copy of the written opinion. We requested it from the circuit clerk's office. The circuit clerk does not have a copy. We contacted Mr. Schlosser. He does not have a copy. And we reached out to the public defender who represented Mr. Schlosser at trial. He did not have a copy. And my paralegals had reached out to the state's attorney's office and had not received a copy from them as well. So while the judge made it pretty clear on the record that he had issued some sort of written opinion in the case, no one seems to be able to find it. And you couldn't get a written copy from the trial judge? So far, we haven't been able to do that. I know that's something that I asked our paralegals to do. And so far, they have not been able to receive a copy from him as well. We requested one from them, and then we got a copy of sort of a handwritten order that's already in the record that would already be received, is what we received from the clerks when we contacted them to contact the judge. So we do not have the written order. Even if there were a written order, however, this court would still have – it would still be a matter of de novo review since it's a denial of post-conviction relief at second stage. Well, that's not what bothers me. What bothers me is that there is a public trust placed on the public defenders and the state public, you know, and your office too, where you have a duty to the public to be able to properly represent these people. In this case, there are a number of failures in representation, including the failure to amend even after the trial court observed that the defendant's main claim of ineffectiveness was not in the petition, the failure after remand to argue at the hearing the claim upon which the court remanded, the continual failure to attach any supporting documentation or explain their absence, even though it was one of the grounds for the prior dismissal before the same trial judge, the new Rule 651C certificate, the notice of appeal that didn't even have the date of the judgment in it. With that type of failure, you know, a court can enter a contempt proceeding, could take this lawyer and make a complaint to the ARDC. I mean, this is unbelievable to me. But comment on these things. I'd like to hear what you have to say. I agree that there's been a dramatic failure on behalf of Mr. Schlosser's counsel. And this has happened – this is not the first time this has happened. I mean, that's why we were here on appeal the first time. And this court found that there had been unreasonable assistance, and then it was sent back to the same attorney who not only had previously failed to amend the petition to include the claim that this court had determined was necessary for him to have raised, but also made another disturbing representation to the trial court that this court hasn't touched on, and that is when he filed the amendment to the petition that he did file, he specifically said in there that he was incorporating all of the pro se claims from Mr. Schlosser's pro se petition and that no amendments were necessary to them. And reading Mr. Schlosser's claims, that's – it's deeply disturbing. I mean, one of Mr. Schlosser's claims, the one that we raised in the brief here, is the victim impact panel that was fabricated also destroyed my caricature, and in defense I was not able to have a caricature witness on my behalf, which in turn gave the judge a one-sided opinion. Now, spelling errors and grammatical errors aside, although those needed to be fixed, this is not a cognizable claim under the Post-Conviction Act without a little bit of help from counsel to reframe it into an ineffective assistance of counsel claim. So it's not just a matter of post-conviction counsel not complying with rules of 651C, but it's seemingly a matter of post-conviction counsel only being willing to do the very bare minimum that this court had ordered in its last remand after having found that counsel had provided unreasonable assistance. This counsel further did not take any steps to add any supporting documentation. Is this counsel still working for the Public Defender's Office? I am unaware of whether he is or not. Okay. I do know that this sort of problem that exists is the kind of problem that is inherent in the system that allows the reappointment of counsel who has already been deemed to have provided deficient representation. Inherent in the system? What do you mean by inherent in the system? What are you referring to particularly? Well, when a system allows a attorney... That's what I'm trying to get at. What is the system? Are you talking about your office? Are you talking about the court system? Are you talking about... What is it that you're referring to? Specifically with regards to this, I'm referring to, I guess, the current structure of our lack of having an answer to the question that this case asks. I mean, currently the way in which counsel is appointed to represent a per se incarcerated litigant who's indigent after we ran from this court making that finding. As the system exists now, the trial court sort of vaguely appoints the public defender's office and it's well-established law that a premier litigant doesn't have a right to pick his public defender and allowing a premier litigant that sort of right would create a mess in the system. I totally understand that that's not the system, but we don't have a rule. It's the lack of a rule that is the problem that's giving up the works for us right now. Were there a rule in place? Were this court to find in Mr. Shoster's case that this is the perfect example of why, once counsel is deemed deficient, counsel can no longer represent that defendant, then we would actually have a system in place. Right now we have none. So there's not really anyone who's taking on the responsibility for this problem. And counsel is in a difficult, ugly spot. I mean, he's put in a position where he has a finding from this court that he performed unreasonably. And he now has to forge some sort of attorney-client relationship again with a client who likely has no trust in him because there's been this finding of unreasonableness. Wasn't he just supposed to follow the court's order? He wasn't just supposed to follow the court's order. That was part of what he was supposed to do. But he was also supposed to follow the rules laid out for him by the Supreme Court, like Rule 651C, which he failed dramatically to do. And then there are also the other errors, as Justice Gordon pointed out, with regards to the problems in the notice of appeal. And there wasn't a whole lot of representation done in terms of actively pursuing any of the claims presented in the course of the petition. And it's also, though, going to be one concern that comes up and one reason that might weigh in favor of getting these cases back to the attorney as well, for judicial efficiency's sake. This attorney is already familiar with the record. But here, after this court reached its decision, and after the state's PLA was denied, it went back to the circuit court. It still took over a year for counsel to file the de minimis amended petition that he did file, in which he incorporated these claims but did nothing to actually make them cognizable under the Act. The Act itself could function well, but as the Supreme Court noted and saw, the Act can only function if that minimal right to counsel that's recognized in the Act is actually upheld. It may not be the same right that a criminal litigant has in a trial to effective assistance of counsel, but it's got to at least be reasonable. And that's just simply the case. Do you want to save some time for your rebuttal? I mean, this is a clear case as far as I'm concerned. The question becomes is how do we stop this type of thing? Do we have to go after this lawyer's license to send a message? Well, I think that the problem is more than just this lawyer. I mean, is that a way to perhaps resolve it with this lawyer? Yes, but in a system where the public defender system is overworked and minimal resources are given to the post-conviction unit, I'm sure Mr. Schlosser is far from the only person who's thought of this. I mean, we said the cases in the brief, Kelly and Nitz and Jones and Shortridge, this is happening all over the state, not just in Cook County. So perhaps going and creating a rule that once counsel is deemed deficient, there can no longer be counsel in that case, would solve the problem not just with Mr. Black and Mr. Schlosser, but for all of the post-conviction litigants across the state who receive unreasonable assistance. Does post-conviction counsel in your office have supervision? Are they supervised? Is there a supervisor in that section? The post-conviction cases are handled by the Cook County Public Defender, and I'm from the Office of the State Appellate Defender, so I don't know a great deal about their internal supervision over Cook County. I believe there is a supervisor, but beyond that, I don't have any knowledge of the internal workings as to how they appoint or select attorneys for given cases or what. Even if there is a person who is appointed supervisor, what degree their supervision entails. Okay. Go ahead. Thank you. Let's hear what the state has to say about all this. May it please the Court. Your Honors, this Court remanded with instructions for second-stage proceedings and with an amended petition to address claims of ineffective assistance of appellate counsel for two reasons, that appellate counsel didn't challenge the sufficiency of the evidence of the home invasion and did not challenge the harshness of the defendant's sentence. When it went back on remand, there was much more than a de minimis representation. Post-conviction counsel amended the petition with regard, and he followed this Court's instructions and elaborated on the claims of ineffective assistance of appellate counsel. In a home invasion claim, the counsel clearly reviewed the evidence. Well, here's the first problem. The trial court reappointed the same assistant public defender after this Court found that his representation was unreasonable. Is that not error? No, I don't believe it's error in this context. Do you have a case that would say that's not error, if the trial court knows somebody doesn't know what they're doing and he appoints them again? Is this reasonable representation? Is it reasonable when there was no request for a new attorney, there was no order for a new attorney, and there was specific instructions on how this counsel should correct the error that this Court found? No, in this context, I don't think that this counsel is so bad that he should be referred to the ARDC or any other such serious conduct. You don't think this counsel is so bad? I mean, are you supposed to file notice of appeal without even having the date of the judgment? Of course not, Your Honor. They didn't even mail the copy of the notice of appeal to your office? That's not bad? Well, Your Honor, it has not deprived defendant of his appeal. And these errors are often corrected after they occur. You know, people have certain constitutional rights. One of them is to have some reasonable representation, some type of reasonable representation. The representation here is the worst I've seen in 58 years that I've been a lawyer or a judge. Well, we would disagree. When you look at counsel's performance on remand, that this was the worst that you've seen an attorney perform. When you look at the petition, the amended petition that he filed, and when you look at the argument that he presented, and on top of that, it wasn't error for the counsel to say, I'm going to include by incorporation all the things that defendant said with his petition, because he wanted the Court to consider those as well. And if you look at that petition, Your Honors, you will see there's no claim of ineffective assistance of trial counsel asserted therein. In fact, defendant says, my counsel argued and showed that I had remorse for this. He argued that the trial judge made a one-sided decision based on fabricated victim impact statements, and if you review the victim impact statements, you will be hard pressed to find any fabrication when the family members talked about their pain and grieving at the loss of the victim. There was very minimal comment on defendant, and what was commented on was the facts of this case, which were brought out at trial. Well, wasn't it true, you know, that he wanted new counsel? I don't see on the record where he requested new counsel. And that's how this case also differs from Turner, where the state actually intervened and the defendant asked for new counsel. And there's no, many times when there's, if you want to find a conflict of interest, there has to be an actual conflict of interest. This isn't a per se conflict of interest claim. But an actual conflict of interest where you can say, this decision, this Court's decision, finding that counsel made an error in what rendered unreasonable assistance, affected his performance, and I, that's not present in this case. Well, in this case, the defendant wasn't even aware that this assistant public defendant was appearing for him in the trial court. He wasn't present. He didn't bring him in. So how would he know? Well, post-conviction, I mean, defendants are not always present for these proceedings in post-conviction. Well, I know, but you're saying that he didn't complain. I mean, how could he complain when he's not even there to watch? Well, he didn't need to be there to watch if he already had this Court's decision. No, but that's not my question, is how could he complain when he's not there? I didn't say he should be there. I'm saying you're saying that he didn't even complain. Well, how would he know what's going on if he's not even there? And you're saying he didn't complain. Well, there is a Rule 651C certificate that counsel communicated in writing, and the presumption is that that is true. The presumption is? Yes. There's nothing that shows that's true. Would you want a lawyer like this representing you? Well, I would understand that counsel did the best he could under the circumstances and was following the course. This is the best? If this is the best, then none of us should have license because we breach our duty to the public. This is not the way we represent people. We have to be prepared to represent people. See, when one lawyer is brought forth as being incompetent, then all of us in this profession suffer because we have a duty, a fiduciary duty to represent people reasonably and fairly, not to have people who just shoot from the hip who are not prepared. And I understand it was the court's decision the first time this case came up, but that cannot be said about post-conviction counsel's performance on remand. He was not shooting from the hip. You could see in the amended petition thoughtful research, citing cases, thoughtful argument, nothing to suggest that he was not correcting the error that occurred the first time. And in any event, no claim of, there's no supportable claim that trial counsel at sentencing was incompetent or that he could show that these victim impact statements were lies. He went to great lengths and presented a thoughtful and persuasive argument about defendant's rehabilitation. He described everything. He said he had graduated high school, was working as a forklift operator. He explained away or tried to defend his prior convictions. He did have convictions for battery, domestic battery. But he also highlighted the important things that defendant was rehabilitating himself in prison and that he was capable of rehabilitation because a lot of his problems were related to his drug addiction and drug use. And yes, defendant's family was there. Counsel commented on that. That was evident in the pre-sentence investigation report. But there's nothing to suggest that they could have presented any more. In fact, the fact that they weren't called suggests that it was a matter of trial strategy not to call them, that they wouldn't be able to flush out any more than counsel had already presented. And it's our position that merely because this court found an error in defense counsel, post-conviction counsel's prior representation, does not automatically mean that he could not represent him on remand proceedings, especially if there was no request. So you're arguing that no remand is necessary here? Am I arguing there's no remand is necessary? Yes, I am. Because you're saying that no matter what was done here, there was no prejudice. Is that what you're saying? No. I'm saying that post-conviction counsel rendered more than reasonable assistance in complying with this court's mandate in presenting defendant's claims to the trial court and in representing defendant. Thank you. Okay. Goodbye. Just very briefly, the State just got done telling this court that there was no allegation of ineffective assistance of trial counsel in the petition. And that's exactly the problem. Mr. Schlosser is an indigent, incarcerated defendant who hasn't had the benefit of a legal education like all of us in this room. And he did the best that he could. He saw that his sentencing hearing wasn't fair because the State got to put on all of his witnesses and his side didn't get to put on any of the witnesses to talk about what a great guy he was. So he put it down on paper and he sent it in to a court, and the court looked at it in the first stage and was like, this is a completely frivolous and passes it on to second stage. And that's when Mr. Schlosser was supposed to get an attorney to fix this up and to put it into the proper format. Mr. Schlosser originally filed his pro se petition in 2008, and we're still fighting to try to get him an attorney to do just that bare minimum. To raise it as an ineffective assistance of counsel claim. This isn't some unique, compromised claim that's beyond what post-conviction counsel should be expected to think of. It's the bare minimum. And he didn't do it. The State also said that this wasn't the worst case that Your Honor has seen in the last 58 years. Well, if it's not, and there are cases out there that are even worse than this, then that is why we need a rule that once post-conviction counsel is deemed unreasonable, they can no longer represent that defendant in that case. If the court has no further questions, I ask that this court remand Mr. Schlosser's case for new second stage proceedings with a new post-conviction attorney. Okay. Thank you. I think your lawyers did an excellent job on this case, not only in the briefs, but in your oral argument. And we'll take the case under consideration. And we are going to now take a recess.